## WILLIAM CHAPPELL *vs.* JOSEPH HUNT.

A levy of execution on land by appraisement, which does not state in what town the land is, and which describes the land only as bounded on a certain highway, and thence by specified courses and distances to stakes and stones. and back to the highway, is valid, if, by parol evidence of the bounds so given, the land can be identified to the satisfaction of a jury. But the testimony of the officer and appraisers as to what land is intended to be set off is inadmissible.

The return of an officer upon an execution levied on land, that one of the appraisers was chosen by " A. B., the attorney of the debtor," sufficiently shows that one appraiser was chosen by the debtor, within the provision of the Rev. Sts. c. 73, § 23.

WRIT OF ENTRY to recover land in Otis. The parties submitted the following case to the decision of the court.

The tenant claims title under a levy of execution on a judgment recovered by him against the demandant.

The land set off was thus described in the appraisers' certificate : " Beginning at a stake and stones standing the north side of the highway ; thence north 15° east, twenty five rods and thirteen links to a stake and stones ; thence north 58° east thirty one rods to a stake and stones ; thence north 72½° east seventeen rods to a stake and stones ; thence south 1° east twelve rods to a stake and stones ; thence south 30° east twenty five rods ten links to a stake and stones ; thence south 15° east sixteen rods to a

stake and stones; thence south 84° west thirty nine rods to a stake and stones; thence north 54° west eleven rods to a stake and stones; thence south 59° west eleven rods to the highway; thence on the highway north 54° west twelve rods to the first mentioned bounds; containing thirteen and a half acres of land."

The return of the officer commenced thus : " Pursuant to the within execution, I have caused three disinterested and discreet persons, freeholders of the said county, to be sworn as above, namely, Willis Strickland, chosen by the within named Joseph Hunt, the creditor; Chauncy Phelps, chosen by Chester Cornwall, the attorney of the debtor; and Elam P. Norton, chosen by myself; who afterwards viewed the above described land."

If parol evidence is competent, the tenant offers to show by the testimony of the appraisers and the officer, that the premises described in the appraisers' certificate are situated in the town of Otis, and are part of the premises embraced in the demandant's writ.

The demandant objects to the competency of this evidence, and contends that no title passed to the tenant by the alleged levy; because no town or place where said land is situated is stated; because no appraiser was chosen by the demandant, nor any notice given him to choose one, nor any chosen for him by the officer; and if the testimony is competent, the demandant (if it becomes necessary) offers to show that Chester Cornwall was not his attorney, and had no authority to act.

*I. Sumner*, for the demandant. 1. The parol evidence offered by the defendant is inadmissible. *Phillips* v. *Williams*, 14 Maine, 411. *Munroe* v. *Reding*, 15 Maine, 153. *Grover* v *Howard*, 31 Maine, 546. *Jackson* v. *Woodman*, 29 Maine, 266 *Gorham* v. *Blazo*, 2 Greenl. 232. *Crawford* v. *Spencer*, 8 Cush. 118. *Williams* v. *Amory*, 14 Mass. 20. *Allen* v. *Thayer*, 17 Mass. 299. *Litchfield* v. *Cudworth*, 15 Pick. 23.

2. The levy is defective and void, because it does not state in what town or place the land is located. *Jackson* v. *Catlin*, 2 Johns. 248. *Jackson* v. *Delancy*, 13 Johns. 537. *Jackson* v. *Rosevelt*, 13 Johns. 97. *Munroe* v. *Riding*, 15 Maine, 153. *Mead* v.

*Harvey*, 2 N. H. 498. *Libbey* v. *Copp*, 3 N. H. 45. *Atwood* v. *Atwood*, 22 Pick. 283. *Eells* v. *Day*, 4 Conn. 95. *Den* v. *Love*, 4 Ired. 38. *Morton* v. *Edwin*, 19 Verm. 77. *Gibbs* v. *Thompson*, 7 Humph. 179. *Gault* v. *Woodbridge*, 4 McLean, 329.

3. The levy is void, because it does not show that Chappell appointed one of the appraisers, nor that he neglected or refused to appoint one. Rev. Sts. *c.* 73, § 23. *Leonard* v. *Bryant*, 2 Cush. 32. The return of the fact that Cornwall was the debtor's attorney was upon a matter not within the jurisdiction of the officer, and therefore not conclusive.

*M. Wilcox*, for the tenant.

BIGELOW, J. The broad proposition, urged by the demandant's counsel, that it is essential to the validity of a levy, that the appraisers' certificate or the officer's return should name the town where the land set off is situated, cannot be sustained. All that is necessary is, that the land should be described " by metes and bounds, or otherwise, with as much precision as is necessary or proper in any common conveyance of land, and in such manner that the premises may be known and identified." Rev. Sts. *c.* 73, § 5. In many cases the location of land could be determined accurately without naming the town in which it was situated. If, for example, it was described as being bounded by a particular pond or stream of water, its location would be readily ascertained. The name of the town would not fix its identity more precisely.

Nor can we say, as a matter of law, that the description in the appraisers' certificate of the premises on which the levy was made is so defective and uncertain as to render it invalid. This is a question of fact to be settled by a jury. If a lot of land could be proved to exist in the county, containing the exact quantity, and with boundaries, courses, distances and monuments exactly corresponding with those named and set out in the appraisers' certificate, it would make out a case of very strong identity, sufficient to sustain the levy, or, if the description was found very nearly to resemble an actually existing lot or parcel of land, it would probably be adequate proof of identity to satisfy a jury. The practical rule in such cases is, that

the land set off must be found and identified on the earth's sur-face by the description contained in the return of the officer or the appraisers' certificate, so that, taking this description alone and applying it to the land, unaided by extrinsic proof, the premises can be ascertained. But on the trial of this question of identity, the testimony of the officer or appraisers, that any particular piece of land was intended to be set off, or was actu-ally levied upon, would be inadmissible. The identity must be determined solely by the description, so that a stranger, guided by that alone, would be able to fix and designate the premises.

The appointment of an appraiser was duly made. An ap-pointment by the authorized agent of the debtor was equivalent to an appointment by the debtor himself. The authority of the agent cannot be disputed in this action. The return of the officer is conclusive on this point. *Bates* v. *Willard,* 10 Met. 80. *Woodworth* v. *Ranzehousen,* 7 Cush. 430.

*Facts discharged.*